BOUDIN, Chief Judge,
with whom LIPEZ, Circuit Judge,
joins (concurring).
This is an unusual case and a troubling one. But for Llinas’ false testimony, this would be an instance in which the defendant’s conduct was as consistent with innocence as with guilt. Assuredly, Llinas’ actions were enough to constitute participation: she drove the car, got directions, handed over the drugs. But if she did not know that this was part of a drug transaction, she was not guilty of a crime. The evidence of knowledge is very thin.
Had the defense rested without putting on a case, any conviction that followed would have been reversed by the panel. Cf., e.g., United States v. Corchado-Peralta, 318 F.3d 255, 259-60 (1st Cir.2003). The line between reasonable inference and speculation is very hard to draw; but up to the point when Llinas took the stand, there was little to distinguish her from her boyfriend, whom the jury properly acquitted. She had apparently been seen on a prior occasion waiting for Martinez, but this was consistent with the fact that he was also a guest of her father and added little to the government’s evidence of knowledge.
Admittedly, the government’s direct case against Llinas went slightly beyond “mere presence.” Llinas was present during the coded-language telephone conversation between Martínez and the undercover agent that is described in the panel *37 opinion, and her subservience to Martinez at the racetrack was mildly suspicious. Yet Llinas could well not have known that she was driving Martinez to a drug transaction, and the sum is remarkably slim evidence for sending this young woman to federal prison for more than ten years. (The principal culprits got four and seven years, respectively).
Nevertheless, when Llinas took the stand and then lied (or so the jury could have found), she gave the jury the extra evidence it needed and the conviction was not irrational. Of course, her denial of presence at a secondary event could have been the product of pure fear or misrecol-lection, but the jury is permitted to draw an inference of guilt from a deliberate false alibi. See, e.g., United States v. Hadfield, 918 F.2d 987, 999 (1st Cir.1990), cert. denied, 500 U.S. 936, 111 S.Ct. 2062, 114 L.Ed.2d 466 (1991). Added to the faintly suspicious circumstances, a jury could rationally convict, although this stretches “beyond a reasonable doubt” to its limits. Federal drug cases in which strong doubts as to guilt linger on appeal are a rarity.
Llinas unquestionably has a potential claim under section 2255 that she has been deprived of competent representation. 28 U.S.C. § 2255 (2000). This is not because of counsel’s decision to go forward with an affirmative defense case once the Rule 29 motion had been denied; given the denial, it was a reasonable choice to offer a defense even at the cost of waiving the right to appeal the denial as measured by the government’s case alone. Rather, the potential claim of incompetence relates to the decision to allow Llinas to testify and provide an alibi that could, as it turned out, be so easily undermined by available company records.
The error was surely prejudicial under the governing Strickland test. See Strickland v. Washington, 466 U.S. 668, 687-88 & 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Indeed, without the false alibi, Llinas’ conviction could not properly be sustained. But background circumstances could provide some explanation for counsel’s action: perhaps Llinas insisted on testifying despite counsel’s warning or perhaps the fact that the alibi could so easily be undermined would not have been apparent to a lawyer making a reasonable investigation. It is because of such uncertainties that here, as in the ordinary case, the competence issue cannot be resolved on direct appeal. See, e.g., United States v. Padilla-Galarza, 351 F.3d 594, 600-01 (1st Cir.2003).
If and when Llinas does file .a section 2255 motion, it should be given expeditious treatment, and able counsel should be appointed to represent Llinas. 18 U.S.C. 3006A(a)(2)(B) (2000). Why this case was brought against Llinas remains a mystery. The government had no reason to expect the windfall of Llinas’ apparently false testimony and, on the evidence presented for its direct case, no.prosecutor should have foreseen a reasonable likelihood of a legitimate conviction. As for the decision to prosecute the boyfriend, the mind reels in disbelief.